# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-4047

———————

United States of America,           *
                                         *

             Appellee,        *    Appeal from the United States
                                         *    District Court for the Southern
     v.                       *    District of Iowa.
                                         *

Edwardo Perez Gaxiola,       *        [UNPUBLISHED]
                                         *

            Appellant.      *

———————

Submitted: September 12, 2005
Filed: October 5, 2005

———————

Before RILEY, LAY, and FAGG, Circuit Judges.

———————

PER CURIAM.

After an Iowa state trooper found cocaine in Edwardo Perez Gaxiola's vehicle, the Government charged him with possession with intent to distribute cocaine. Following an evidentiary hearing, the district court[*] denied Gaxiola's motion to suppress, United States v. Gaxiola, 317 F. Supp. 2d 980 (S.D. Iowa 2004), and Gaxiola conditionally pleaded guilty. Gaxiola appeals the denial of his suppression motion, and we affirm.

---

[*]The Honorable Ronald Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

Based on evidence at the hearing, the district court properly found the following facts. See United States v. Sanchez, 417 F.3d 971, 974 (8th Cir. 2005) (reviewing factual findings for clear error). While driving a vehicle on the interstate in Iowa, Gaxiola was stopped by a trooper for failure to display a front license plate. After Gaxiola produced his driver's license, registration, and proof of insurance, the trooper returned to his patrol car with Gaxiola to run a computerized check on Gaxiola's documents. While waiting for a response, the trooper asked Gaxiola where he was going and the purpose of his trip. Gaxiola told the trooper he and his female passenger were going to Chicago to announce their engagement to her parents. When the trooper returned to Gaxiola's vehicle to obtain identification from Gaxiola's passenger, however, the passenger told the trooper she and Gaxiola were going to Chicago to visit her aunt and they had no special reason for the trip. The trooper then returned to his patrol car to check the passenger's identification. When the trooper made a second trip to the vehicle to return the passenger's identification, the trooper asked her where her parents lived, and she stated they lived in California.

The trooper went back to the patrol car and completed the traffic stop by issuing a warning ticket to Gaxiola and returning his driver's license, registration, and insurance papers. The traffic stop had lasted only thirteen minutes. As Gaxiola was exiting the patrol car, the trooper asked Gaxiola if he could ask him a few more questions, and Gaxiola agreed. The trooper asked whether Gaxiola had any illegal narcotics or weapons in his vehicle, and Gaxiola responded he did not. The trooper then asked Gaxiola for consent to search the vehicle. After Gaxiola gave his verbal consent, he signed a written consent form filled out and read to him by the trooper. During the roadside search, the trooper saw alterations to the car suggesting a secret compartment, so he asked Gaxiola whether he could have the vehicle moved from the highway for a more extensive search. Gaxiola agreed, and a more extensive search uncovered a compartment holding eighty-eight pounds of cocaine.

On appeal, Gaxiola contends the trooper unconstitutionally expanded the scope of the traffic stop without reasonable suspicion of criminal activity, rendering his consent invalid. According to Gaxiola, his consent was the product of an unlawful prolonged detention. We disagree.

A trooper who observes a traffic violation has probable cause to stop the vehicle and conduct a reasonable investigation. Id. A reasonable investigation includes requesting the driver's license and the vehicle's registration, running a computerized check on those documents, and asking about the occupants' destination, route, and purpose. Id. at 975; United States v. Blaylock, 421 F.3d 758, 767 (8th Cir. 2005); United States v. $404,905 in United States Currency, 182 F.3d 643, 647 (8th Cir. 1999). A trooper may also request identification from passengers during a traffic stop, see United States v. Slater, 411 F.3d 1003, 1004-05 (8th Cir. 2005), and question them to verify information given by the driver, Sanchez, 417 F.3d at 975. Conflicting stories may raise reasonable suspicion justifying expansion of the stop's scope and detention of the occupants. Id. Reasonable suspicion permits a trooper to ask questions not directly related to the initial traffic stop, and consent given in the course of such questioning is valid if given voluntarily. United States v. Gomez Serena, 368 F.3d 1037, 1040 (8th Cir. 2004). Even without reasonable suspicion, if an encounter after a traffic stop's completion is consensual, then a trooper may ask questions unrelated to the stop and request consent to search the vehicle. United States v. Santos-Garcia, 313 F.3d 1073, 1078 (8th Cir. 2002).

Here, the trooper could properly stop Gaxiola for the traffic violation, have Gaxiola step back to the patrol car while checking his license, registration, and criminal history, and question Gaxiola about the purpose of his trip. It was also permissible for the trooper to question Gaxiola's passenger about the trip's purpose. Contrary to Gaxiola's assertion, none of the trooper's questions exceeded the range of questions an officer is permitted to ask during a lawful traffic stop. Once the trooper returned Gaxiola's identification and issued a warning ticket, Gaxiola had

everything necessary to continue on his trip. <u>See</u> <u>id.</u> The trooper asked Gaxiola whether he could ask him a few questions, and Gaxiola consented. <u>See</u> <u>Blaylock</u>, 421 F.3d at 768. At that point, Gaxiola had been stopped less than fifteen minutes, and there is simply no indication that the post-stop encounter was a seizure rather than consensual. Given Gaxiola's consent to further questioning, the trooper could properly ask Gaxiola whether he had any drugs in the vehicle, and Gaxiola's consent to search given during the course of the consensual questioning was valid. <u>See</u> <u>Santos-Garcia</u>, 313 F.3d at 1078. Because Gaxiola consented to the additional questioning after the trooper completed the traffic stop, we need not decide whether the conflicting answers given by Gaxiola and his passenger gave the officer reasonable suspicion to question Gaxiola about drugs. <u>See</u> <u>id.</u>

We thus affirm the district court.

_____