HEANEY, Circuit Judge,
dissenting.
I respectfully dissent. The majority not only disregards determinations made by the district court, it assumes the district court’s role by rendering its own judgment about disputed factual matters. As an appellate body, that is clearly outside this court’s province.
The key issue in this case is whether Juan Carlos Vera was unconstitutionally seized. That determination turns on whether Vera was ordered or requested to exit his vehicle, and whether he was asked or directed to enter Deputy Maddux’s patrol car. Accord United States v. Slater, 411 F.3d 1003 (8th Cir.2005); United States v. Barry, 394 F.3d 1070 (8th Cir.2005). The district court found the resolution of these issues unnecessary because it believed there was “no dispute that Juan Vera was told or directed to exit his vehicle, to sit in the squad car, and to remain in the squad car.” (Add. at 32 n. 5.) I agree with the majority that it was, in fact, disputed whether Vera was asked or ordered to exit his vehicle and sit in the squad car. Thus, the district court made an error of fact in this regard.
I part ways with the majority on how this matter should be rectified. An error of fact made by the district court does not empower this court to make its own factual determinations. That is, and always has been, a matter for district courts. Where disputed facts are left unresolved by the district court and material to the decision it has reached, that court is entitled to resolve those facts in the first instance.[2] United States v. Khabeer, 410 F.3d 477, 483-84 (8th Cir.2005) (citing Murray v. United States, 487 U.S. 533, 543, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988)); see also Fed.R.Crim.P. 12(d) (“When factual issues are involved in deciding a motion, the court must state its essential findings on the record.”); cf. United States v. Beck, 140 F.3d 1129, 1131-32 (8th Cir.1998) (reversing the district court’s ruling on a motion to suppress on a limited factual record because facts were uncontested). In actively usurping that role, the majority expands this court’s role beyond its border.
If the majority is of the view that the court erred in believing a contested matter was undisputed, it ought to remand this case to the district court to resolve the factual disputes. This is particularly true here, where the district court began its analysis by stating it would only supplement the magistrate’s findings “as necessary to the court’s opinion.” (Add. at 17.) Obviously, the district court believed, albeit wrongly, that the level of authority expressed by Deputy Maddux was undisputed. Thus, in the district court’s view, it was not necessary to make any credibility determinations with regard to Maddux (who testified that he was kind and questioning) or the Veras (who testified that Maddux barked orders which demanded compliance) on this issue. While that was wrong, it does not empower our court to correct it by essentially making those determinations itself. I would remand this *838 matter to the district court for resolution of the disputed factual matters, and thus respectfully dissent.

. In United States v. Bloomfield, 40 F.3d 910, 913-15 (8th Cir.1994) (en banc), our court accepted the "any reasonable view of the evidence test.” Under that approach, we uphold a district court's order on a motion to suppress, even in the absence of explicit findings, if any view of the evidence supports the decision. The majority's course in this case-to accept any view of the evidence supporting reversal-is obviously contrary to Bloomfield.